IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW JAMES HOLLENBECK,

                Petitioner,

v.                                                CASE NO. 25-3139-JWL

STATE OF KANSAS[1],

                Respondent.

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Matthew James Hollenbeck. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and will direct Petitioner to show cause in writing why this matter should not be dismissed in its entirety because it was not timely filed.

## Background

In 2017, in Sedgwick County District Court, Petitioner pled guilty to and was convicted of aggravated indecent liberties with a child and he was sentenced to life in prison with no possibility of parole for 25 years. (Doc. 1, p. 1.) *See State v. Hollenbeck*, 2018 WL 4374264, *1 (Kan. Ct. App. Sept. 14, 2018) (unpublished) (*Hollenbeck I*), *rev. denied* Feb. 28, 2019. Petitioner pursued a direct appeal and, in September 2018, the Kansas Court of Appeals (KCOA) affirmed.

---

[1] Petitioner has named the State of Kansas as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Dan Schnurr, the current warden of Hutchinson Correctional Facility, where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Federal Rules of Civil Procedure 25(d) and 81(a)(4).

1

*Hollenbeck I*, 2018 WL 4374264, at *1. The following February, the Kansas Supreme Court (KSC) denied his petition for review.[2] *See Hollenbeck v. State*, 2023 WL 7404912, *1 (Kan. Ct. App. Nov. 9, 2023) (unpublished) (*Hollenbeck II*), *rev. denied* Aug. 23, 2024. Petitioner advises that he did not file a petition for writ of certiorari in the United States Supreme Court.(Doc. 1, p. 3.)

On February 24, 2020, Petitioner filed in Sedgwick County District Court a motion seeking state habeas corpus relief under K.S.A. 60-1507. *See id.* The district court summarily denied the motion without holding a hearing. *Id.*; *Hollenbeck II*, 2023 WL 7404912 at *2. Petitioner appealed and, in November 2023, the KCOA affirmed. *Id.* The KSC denied Petitioner's petition for review on August 23, 2024.

On December 2, 2024, Petitioner filed a second K.S.A. 60-1507 motion. (Doc. 1, p. 4.) On March 14, 2025[3], the state district court denied the motion as successive. *Id.* The online records of the Sedgwick County District Court do not reflect that a notice of appeal was filed in that case. *See* Kansas District Court Public Access Portal, *Hollenbeck v. State*, Case No. SG-2024-CV-2319.

On July 18, 2025, this Court received[4] from Petitioner the pro se petition for federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 that began this case. (Doc. 1.) Because he neither paid the required filing fee nor submitted a motion to proceed in forma pauperis (IFP), meaning without prepayment of the filing fee, this Court issued a notice of deficiency (NOD) directing Petitioner to either pay the fee or submit a motion to proceed IFP. (Doc. 2.) Petitioner paid the filing fee on August 21, 2025.

---

[2] In the space on the required form for Petitioner to state the date of the result in his direct appeal, Petitioner has written March 14, 2019. (Doc. 1, p. 2.) The online records of the Kansas Appellate Courts reflect that the mandate in Petitioner's direct appeal was issued on March 14, 2019. *See* Kansas Appellate Courts Public Access Portal, *State v. Hollenbeck*, Case No. 117,720.
[3] In the petition, Petitioner asserts that "[t]he last action was February 2025." (Doc. 1, p. 15.) If Petitioner disagrees with the Court's understanding that the final action in state court relevant to this federal habeas case occurred on March 14, 2025, he may explain the basis for his disagreement in a written response to this order.
[4] The Court recognizes that the petition states under penalty of perjury that it was placed in the prison mailing system on May 20, 2025. (Doc. 1, p. 16.)

## Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes his filings. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of Petitioner's advocate and it will not construct arguments for him. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## Analysis

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year limitation period generally runs from the date the judgment becomes "final,"

as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Nothing in the current petition suggests that another subsection of the statute applies to control the date on which the one-year limitation period began. The United States Supreme Court has held that direct review concludes—making a judgment "final"—when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

In this matter, the KSC denied review in Petitioner's direct appeal on February 28, 2019. Petitioner did not file a petition for certiorari. The Tenth Circuit has explained that "if a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his or her] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003); *see also Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011) (finding that federal habeas petitioner's "conviction became final . . . when the ninety-day time period for filing a certiorari petition with the United States Supreme Court expired"). The last day on which Petitioner could have filed a petition for writ of certiorari was May 29, 2019. Thus, on May 30, 2019, the one-year AEDPA limitation period began to run. Under the "anniversary method" used in the Tenth Circuit, the final day for Petitioner to timely file his § 2254 petition in this Court was May 30, 2020. *See United States v. Hurst*, 322 F.3d 1256, 1261-62 (10th Cir. 2003). Petitioner did not file his § 2254 petition until 2025. (Doc. 1.)

The AEDPA also includes a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In this case, that means that the one-year AEDPA limitation

4

period was tolled, or paused, when Petitioner filed his first K.S.A. 60-1507 motion on February 24, 2020. The Tenth Circuit has explained that when this type of statutory tolling applies, the number of days that the relevant state-court matter is pending "is added to the one-year anniversary date to establish the final deadline for filing a § 2254 application in federal court." *Stuart v. Utah*, 449 Fed. Appx. 736, 738 (10th Cir. Nov. 30, 2011) (unpublished) (citing *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011)).

The final order related to Petitioner's first K.S.A. 60-1507 motion issued on August 23, 2024, when the KSC denied the petition for review in the related appeal. Thus, the first K.S.A. 60-1507 motion was pending for approximately 1,643 days. When those days are added to the original one-year anniversary date of May 30, 2020, it gives the new filing deadline for this matter: December 2, 2024. Again, Petitioner did not file this federal habeas case until 2025. But on December 2, 2024, Petitioner filed a second K.S.A. 60-1507 motion in state district court. If the second motion was "properly filed," *see* 28 U.S.C. § 2244(d)(2), it also tolled the AEDPA limitation period.

In the petition now before this Court, Petitioner asserts that the second K.S.A. 60-1507 motion was denied as successive. (Doc. 1, p. 4.) A review of the order denying the motion, which is available on the Kansas District Court Public Access Portal, reflects that the motion was denied as successive *and* because it was untimely filed. "[T]ime limits, no matter their form, are 'filing' conditions," so when a state court rejects a motion for post-conviction relief as untimely, "it was not 'properly filed,' and [the petitioner] is not entitled to statutory tolling under § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *see also Allen v. Siebert*, 552 U.S. 3, 5-7 (2007) (reaffirming *Pace* and holding that it does not matter whether the time limit in question "is jurisdictional, an affirmative defense, or something in between"; it is still a filing condition).

5

Therefore, because Petitioner's second K.S.A. 60-1507 motion was denied as untimely, it does not toll the federal habeas statute of limitations. Petitioner's federal petition for writ of habeas corpus under 28 U.S.C. § 2254 was due on or before December 2, 2025. It was not filed until 2025.

In the section of the petition dedicated to timeliness, Petitioner explains:

> I listened to my lawyers. Tricia Oldridge who put in for direct appeal. Jennifer Roth of appellate court told me to file K.S.A. 60-1507 when she was done. Jerry Wells handled K.S.A. 60-1507 denial then Kansas Supreme Court review (denied). Mr. Wells told me "I have exhausted all state remedies." The last action was February 2025.

(Doc. 1, p. 15 (all errors in original).) Liberally construed, Petitioner argues in this section that the final action in any related state-court proceeding begins the one-year limitation period for federal habeas actions.

As explained above, however, timeliness under the AEDPA is not calculated from the most recent denial of relief based on the issues raised in a subsequent federal habeas petition. Rather, there are four dates that may trigger the beginning of the one-year federal habeas limitation period: (1) the date the judgment became final; (2) the date on which a State-created illegal impediment to filing was removed; (3) the date on which the United States Supreme Court initially recognized the constitutional right underlying the federal habeas claim if the Supreme Court made the right retroactively applicable to cases on collateral review; or (4) the date on which due diligence would have revealed the factual basis for the claim. *See* 28 U.S.C. § 2244(d)(1).

Even liberally construing the petition now before the Court, it appears that only the first type of starting date is applicable—when the judgment became final. If Petitioner believes that one of the other three starting dates is applicable here, he is free to argue that in his response to this order. As explained above, when the federal habeas limitation period is calculated from the date the judgment became final, the current federal habeas petition was not timely filed.

**Equitable Tolling**

The federal habeas one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted).

Nothing in the petition now before the Court alleges circumstances that justify equitable tolling of the statute of limitations in this matter. Petitioner will be granted time, however, to assert specific facts that support the conclusion that extraordinary circumstances beyond his control prevented him from timely filing this federal habeas petition. He must also show that he was diligently pursuing his claims during the time he wishes this Court to equitably toll the federal habeas statute of limitations.

**Actual Innocence**

An exception to the one-year time limitation exists where a petitioner adequately asserts his or her actual innocence. "[A]ctual innocence 'serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations.'" *Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). "Actual innocence means 'factual innocence not mere legal insufficiency.'" *O'Bryant v. Oklahoma*, 568 Fed. Appx. 632, 637 (10th Cir. 2014) (quoting

7

*Bousley v. United States*, 523 U.S. 614, 623 (1998)).

To obtain this exception, Petitioner is not required to conclusively exonerate himself; rather, his "burden at the gateway stage is to demonstrate 'that more likely than not any reasonable juror would have reasonable doubt.'" *Fontenot*, 4 F.4th at 1030 (quoting *House v. Bell*, 547 U.S. 518, 538, 553 (2006)). In any event,

> tenable actual-innocence gateway pleas are rare, arising only in an extraordinary case. The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.

*Fontenot*, 4 F.4th at 1031 (citations and quotation marks omitted).

To qualify for this exception, or pass through the actual innocence gateway, the petitioner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "An actual innocence claim must be based on more than the petitioner's speculations and conjectures." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021). In addition, when the federal habeas petitioner was convicted not by a jury but upon a guilty plea, the required showing may be even more difficult.

> The Supreme Court has made clear that a petitioner invoking actual innocence as to a guilty plea still has to prove his innocence of the charge to which he pleaded guilty—namely, the crime of conviction. *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L.Ed.2d 828 (1998). Furthermore, "[i]n cases where the Government has foregone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id.* at 624, 118 S. Ct. 1604. The Supreme Court's holding in *Bousley* prevents a petitioner from artificially narrowing the scope of the actual innocence inquiry through plea bargaining.

*Taylor v. Powell*, 7 F.4th 920, 933 (10th Cir. 2021).

Even liberally construing the petition now before this Court, it does not argue that Petitioner should be allowed through the actual innocence gateway. Petitioner may make that

8

argument in his written response to this order if he wishes. Under *Taylor* and *Bousley*, however, if Petitioner pled guilty to the crime of conviction in exchange for the dismissal of other charges, he must meet the showing of actual innocence for all charges, not just the charge on which he was convicted.

## Conclusion

In summary, this matter does not appear to have been timely filed and Petitioner has not shown entitlement to equitable tolling or that he should be allowed to pass through the actual innocence gateway to avoid the federal habeas statute of limitations. Therefore, the Court will direct Petitioner to show cause in writing why this matter should not be dismissed as time-barred. If Petitioner successfully does so, the Court will resume the Rule 4 review and issue further orders as necessary. If Petitioner fails to timely submit a response to this order, this matter will be dismissed as untimely without further prior notice to him.

**IT IS THEREFORE ORDERED THAT** Dan Schnurr, Warden of Hutchinson Correctional Facility, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED THAT** Petitioner is granted until and including **September 29, 2025**, in which to show cause, in writing, why this matter should not be dismissed due to his failure to commence it within the one-year time limitation. The failure to timely respond to this order will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS SO ORDERED.**

DATED:  This 26th day of August, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge