IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW JAMES HOLLENBECK,

                Petitioner,

v.                                              CASE NO. 25-3139-JWL

DAN SCHNURR,

                Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Matthew James Hollenbeck. The Court conducted an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, on August 26, 2025, issued a notice and order to show cause (NOSC) directing Petitioner to show cause in writing why this matter should not be dismissed in its entirety because it was not timely filed. (Doc. 3.) Petitioner timely filed a response to the NOSC (Doc. 5), which is now before the Court. For the reasons stated below, the Court concludes that this matter must be dismissed as time-barred.

**Background**

A detailed recitation of the background of this matter is set forth in the NOSC; in this memorandum and order, the Court will summarize the relevant facts. (*See* Doc. 3, p. 1-2.) In 2017, in Sedgwick County, Kansas Petitioner pled guilty to and was convicted of aggravated indecent liberties with a child and was sentenced to life in prison with no possibility of parole for 25 years. (Doc. 1, p. 1); *see State v. Hollenbeck*, 2018 WL 4374264, *1 (Kan. Ct. App. Sept. 14, 2018) (unpublished), *rev. denied* Feb. 28, 2019. Petitioner pursued a direct appeal, which became final

1

on February 28, 2019, when the Kansas Supreme Court (KSC) denied his petition for review. *Hollenbeck*, 2018 WL 4374264, at *1. Petitioner did not seek a writ of certiorari in the United States Supreme Court. (Doc. 1 p. 3.)

On February 24, 2020, Petitioner filed a K.S.A. 60-1507 motion in Sedgwick County District Court. *Id.* The district court summarily denied the motion, and Petitioner's appeal was unsuccessful. *Id.* This appeal became final on August 23, 2024, when the KSC denied Petitioner's petition for review. *See Hollenbeck v. State*, 2023 WL 7404912, *1 (Kan. Ct. App. Nov. 9, 2023) (unpublished), *rev. denied* Aug. 23, 2024. On December 2, 2024, Petitioner filed a second K.S.A. 60-1507 motion, which the district court denied. Petitioner did not appeal from this denial.

On July 18, 2025, this Court received from Petitioner the petition for writ of habeas corpus under 28 U.S.C. § 2254 that began this case. (Doc. 1.) The Court conducted the initial review required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts and, issued an NOSC directing Petitioner to show cause why this matter should not be dismissed as untimely. (Doc. 3.)

After setting forth the relevant procedural history, the NOSC stated:

> In this matter, the KSC denied review in Petitioner's direct appeal on February 28, 2019. Petitioner did not file a petition for certiorari. The Tenth Circuit has explained that "if a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his or her] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003); *see also Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011) (finding that federal habeas petitioner's "conviction became final . . . when the ninety-day time period for filing a certiorari petition with the United States Supreme Court expired"). The last day on which Petitioner could have filed a petition for writ of certiorari was May 29, 2019. Thus, on May 30, 2019, the one-year AEDPA limitation period began to run. Under the "anniversary method" used in the Tenth Circuit, the final day for Petitioner to timely file his § 2254 petition in this Court was May 30, 2020. *See United States v. Hurst*, 322 F.3d 1256, 1261-62 (10th Cir. 2003). Petitioner did not file his § 2254 petition until 2025. (Doc. 1.)

The AEDPA also includes a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In this case, that means that the one-year AEDPA limitation period was tolled, or paused, when Petitioner filed his first K.S.A. 60-1507 motion on February 24, 2020. The Tenth Circuit has explained that when this type of statutory tolling applies, the number of days that the relevant state-court matter is pending "is added to the one-year anniversary date to establish the final deadline for filing a § 2254 application in federal court." *Stuart v. Utah*, 449 Fed. Appx. 736, 738 (10th Cir. Nov. 30, 2011) (unpublished) (citing *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011)).

The final order related to Petitioner's first K.S.A. 60-1507 motion issued on August 23, 2024, when the KSC denied the petition for review in the related appeal. Thus, the first K.S.A. 60-1507 motion was pending for approximately 1,643 days. When those days are added to the original one-year anniversary date of May 30, 2020, it gives the new filing deadline for this matter: December 2, 2024. Again, Petitioner did not file this federal habeas case until 2025. But on December 2, 2024, Petitioner filed a second K.S.A. 60-1507 motion in state district court. If the second motion was "properly filed," *see* 28 U.S.C. § 2244(d)(2), it also tolled the AEDPA limitation period.

In the petition now before this Court, Petitioner asserts that the second K.S.A. 60-1507 motion was denied as successive. (Doc. 1, p. 4.) A review of the order denying the motion, which is available on the Kansas District Court Public Access Portal, reflects that the motion was denied as successive *and* because it was untimely filed. "[T]ime limits, no matter their form, are 'filing' conditions," so when a state court rejects a motion for post-conviction relief as untimely, "it was not 'properly filed,' and [the petitioner] is not entitled to statutory tolling under § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *see also Allen v. Siebert*, 552 U.S. 3, 5-7 (2007) (reaffirming *Pace* and holding that it does not matter whether the time limit in question "is jurisdictional, an affirmative defense, or something in between"; it is still a filing condition). Therefore, because Petitioner's second K.S.A. 60-1507 motion was denied as untimely, it does not toll the federal habeas statute of limitations. Petitioner's federal petition for writ of habeas corpus under 28 U.S.C. § 2254 was due on or before December 2, 2025. It was not filed until 2025.

In the section of the petition dedicated to timeliness, Petitioner explains:

> I listened to my lawyers. Tricia Oldridge who put in for direct appeal. Jennifer Roth of appellate court told me to file K.S.A. 60-1507 when she was done. Jerry Wells handled K.S.A. 60-1507 denial then Kansas Supreme Court review (denied). Mr. Wells told me "I have exhausted all state remedies." The last action was February 2025.

3

> (Doc. 1, p. 15 (all errors in original).) Liberally construed, Petitioner argues in this section that the final action in any related state-court proceeding begins the one-year limitation period for federal habeas actions.
>
> As explained above, however, timeliness under the AEDPA is not calculated from the most recent denial of relief based on the issues raised in a subsequent federal habeas petition. Rather, there are four dates that may trigger the beginning of the one-year federal habeas limitation period: (1) the date the judgment became final; (2) the date on which a State-created illegal impediment to filing was removed; (3) the date on which the United States Supreme Court initially recognized the constitutional right underlying the federal habeas claim if the Supreme Court made the right retroactively applicable to cases on collateral review; or (4) the date on which due diligence would have revealed the factual basis for the claim. *See* 28 U.S.C. § 2244(d)(1).
>
> Even liberally construing the petition now before the Court, it appears that only the first type of starting date is applicable—when the judgment became final. If Petitioner believes that one of the other three starting dates is applicable here, he is free to argue that in his response to this order. As explained above, when the federal habeas limitation period is calculated from the date the judgment became final, the current federal habeas petition was not timely filed.

(Doc. 3, p. 4-6.)

The NOSC acknowledged, however, that Petitioner may believe that he is entitled to additional statutory or equitable tolling or that he is entitled to the actual innocence exception to the statute of limitations. *Id.* at 7-9. Thus, the NOSC explained the circumstances under which equitable tolling is available and under which the actual innocence exception applies and it granted Petitioner time in which to show cause why this matter should not be dismissed as time-barred. *Id.* at 10. Petitioner timely filed his response on September 3, 2025. (Doc. 5.)

**Analysis**

In his response, Petitioner first explains that he seeks equitable tolling of the federal habeas statute of limitations and he asserts that he has been diligently pursuing his claims. (Doc. 5, p. 1.) Petitioner further asserts that he filed his first K.S.A. 60-1507 motion prior to the COVID-19 pandemic, but then the courts closed due to the pandemic. *Id.* Petitioner states that when the courts

reopened, his K.S.A. 60-1507 was summarily denied, the Kansas Court of Appeals (KCOA) "recused," and the KSC denied relief. *Id.* Even liberally construing the pro se response, it is not clear what Petitioner means by "recused"; there is no indication that any KCOA judge recused him- or herself from the case.[1]

Petitioner's first K.S.A. 60-1507 motion was "summarily denied." *See Hollenbeck*, 2023 WL 7404912, at *2 ("The district court summarily denied Hollenbeck's motion."). In his response to the NOSC, Petitioner asserts that "[s]ummary denial meant they had not looked at it. The District Court did not hear [the] K.S.A. 60-1507," which left him unsure whether the claims were exhausted.[2] (Doc. 5, p. 2.) Believing that the summary denial meant he had not presented his claims properly, Petitioner went back to the district court with a second K.S.A. 60-1507 motion in December 2 2024. *Id.* Petitioner assures the Court that he is trying, and he argues that his second K.S.A. 60-1507 was timely filed, despite the Sedgwick County District Court holding that it was not. *Id.*

The Court appreciates that Petitioner has no legal training and is proceeding without the benefit of counsel. Thus, in considering Petitioner's arguments in favor of equitable tolling, the Court has liberally construed those arguments and holds Petitioner to a less strict standard than an attorney. However, "ignorance of the law is not a valid excuse for failing to satisfy procedural

---

[1] "Recuse" means "[t]o remove (oneself) as a judge in a particular case because of a disqualification, such as prejudice or conflict of interest" or "[t]o challenge or object to (a judge, expert, etc.) as being disqualified to serve in a case because of prejudice or a conflict of interest." Black's Law Dictionary (12th ed. 2024).

[2] This interpretation of the phrase "summary denial" is undermined by the KCOA's statement in the appeal from Petitioner's K.S.A. 60-1507 motion that "[t]he district court summarily denied Hollenbeck's motion, *finding Hollenbeck had competent counsel and neither attorney's performance fell below an objective standard of reasonableness that caused Hollenbeck prejudice.*" *Hollenbeck*, 2023 WL 7404912, at *2 (emphasis added). Moreover, the KCOA explained in that opinion the options available to a district court faced with a K.S.A. 60-1507 motion, including: "(1) The court may determine that the motion, files, and case records conclusively show the [movant] is entitled to no relief and deny the motion summarily . . . ." *Id.* at *3 (quotation marks and citation omitted). Thus, in order to summarily deny Petitioner's K.S.A. 60-1507 motion, the state district court first considered "the motion, files, and case records"; it did not simply refuse to consider Petitioner's claims.

requirements." *Valenzuela v. Silversmith*, 699 F.3d 1199, 1207 (10th Cir. 2012) (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). "It is well-established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Thus, to the extent that Petitioner asks this Court to equitably toll the federal habeas statute of limitations based upon his misunderstanding of the law, the Court cannot do so.

Additionally, Petitioner's brief assertion that the state district court's decision regarding the timeliness of his second K.S.A. 60-1507 motion does not change this Court's analysis of whether this federal habeas matter was timely. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Finally, Petitioner's argument involving the effect of COVID-19 on his state court proceedings does not help him because the time in which his first K.S.A. 60-1507 was pending has already been tolled. (*See* Doc. 3, p. 4-5.) By August 23, 2024, when Petitioner's first K.S.A. 60-1507 motion was final and the federal habeas statute of limitations resumed running, the Kansas state courts were no longer operating under restrictions necessitated by COVID-19. *See* Kan. S. Ct. Admin. Order 2023-PR-019 (rescinding previous COVID-19-related administrative orders). Thus, the Court concludes that Petitioner has not shown that he is entitled to equitable tolling of the federal habeas statute of limitations.

In his response to the NOSC issued in this case, Petitioner also asks this Court to apply the actual innocence exception to the federal habeas statute of limitations. (Doc. 5, p. 3-6.) He identifies certain family members and friends who believe that he is innocent, he points out that there was no physical evidence of his crime of conviction, he asserts that a detective mischaracterized statements Petitioner made in an interrogation, and he argues that his defense

6

counsel was inadequate. *Id.*

Petitioner was convicted not by a jury but after a guilty plea entered in exchange for other charges being dismissed. *Hollenbeck*, 2023 WL 7404912, at *1 ("In exchange for Hollenbeck's plea, the State agreed to dismiss two counts of aggravated indecent liberties with a child and one count of violation of a protective order."). Thus, as explained in the NOSC, for Petitioner to be eligible for the actual innocence exception, he "must meet the showing of actual innocence for all charges, not just the charge on which he was convicted." (Doc. 3, p. 8-9.) As to the charges that were dismissed under the plea agreement, Petitioner explains to this Court, "I'm not able to tell you what those charges were. They came and went too fast." (Doc. 5, p. 5.)

The requirements for applying the actual innocence exception are difficult to meet. This is because the actual innocence exception is appropriate "only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of" the criminal proceedings "unless the court is also satisfied that the [proceedings were] free of nonharmless constitutional error." (Doc. 3, p. 8. (quoting *Fontenot v. Crow*, 4 F.4th 982, 1031 (10th Cir. 2021)).) Because Petitioner has not "come forward with 'new reliable evidence'" regarding the ultimately dismissed charges of aggravated indecent liberties with a child and violation of a protective order, he has not persuaded the Court that he is eligible for the actual innocence exception. Even liberally construing the response to the NOSC, the Court maintains its prior conclusion that this matter must be dismissed as time-barred.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C.

§ 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that the procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED THAT** this matter is dismissed with prejudice as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 5th day of September, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
